### SHITENG DONG

v.

### HOLDER,[1] A073 557 296.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H.

### Jinsai Gao

v.

### Holder, A073 651 682.

### Min Xiu Han

v.

### Holder, A095 476 767.

### Ming Zhong Zhang, a.k.a. Mingzhong Zhang

v.

### Holder, A072 182 417.

### Qiu Mei Wang, Ding Tian Shi

v.

### Holder, A097 852 121, A073 133 332.

### Yushen Jiane, a.k.a. Yu Zhen Jiang, a.k.a. Keiko Aki Sada

v.

### Holder, A072 830 286.

### Feng Mei Lin

v.

### Holder, A077 318 283.

### Neng Quan Wang

v.

### Holder, A099 927 095.

### Yun Li

v.

### Holder, A074 235 378.

### Lin Ying Zheng

v.

### Holder, A077 998 402.

Holder, Jr., is automatically substituted where necessary.

Xiu Jing Wang

v.

Holder, A073 185 389.

Min Xing Lin

v.

Holder, A077 714 475.

Shu Gui Chen

v.

Holder, A073 608 654.

Xin Yao Liu

v.

Holder, A073 568 404.

Ye Lin

v.

Holder, A072 054 302.

Hui Yong Zhou

v.

Holder, A070 528 767.

Hua Lin

v.

Holder, A099 589 605.

Zhifang Zcang–Chen, A.K.A.
Zhi–Fang Chen

v.

Holder, A074 324 611.

Yi Luan Lin

v.

Holder, A074 234 673.

Xin Lin

v.

Holder, A078 016 148.

Yuan Xiu Li

v.

Holder, A072 780 314.

Guo Yan Chen

v.

Holder, A076 506 678.

Zhong Yan Zheng

v.

Holder, et al., A072 485 094.

Er Sheng Lan

v.

Holder, A075 776 712.

Tianxing Zheng

v.

Holder, A073 676 625.

Jinbei Zhao, a.k.a. Kazumi Milyata

v.

Holder, A077 107 399.

Heng–Lun Chen

v.

Holder, A073 523 956.

Li Min Wei

v.

Holder, A073 042 018.

Nos. 08–3018–ag, 09–4028–ag, 09–4074–ag, 09–4795–ag, 09–5116–ag (L); 09–5152–ag(Con), 09–5264–ag, 10–29–ag, 10–57–ag, 10–168–ag, 10–295–ag, 10–475–ag, 10–965–ag, 10–968–ag, 10–1032–ag, 10–1322–ag, 10–1407–ag, 10–1413–ag, 10–1454–ag, 10–1501–ag, 10–1911–ag, 10–2033–ag, 10–2306–ag, 10–2362–ag, 10–2431–ag, 10–2462–ag, 10–2526–ag, 10–2633–ag, 10–2704–ag.

United States Court of Appeals,
Second Circuit.

Nov. 23, 2011.

Brendan Paul Hogan, Esq., U.S. Department of Justice, Office of Immigration, Washington, DC, for Respondent.

Peter D. Lobel, Esq., Law Office of Peter D. Lobel Esq., New York, NY, for Petitioner.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Each of these petitions challenges a decision of the BIA either affirming the decision of an immigration judge denying a motion to reopen or denying a motion to reopen in the first instance. The applicable standards of review by this Court are well-established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168–69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claim that they fear persecution because they have one or more children in violation of China's coercive population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao,* 546 F.3d at 158–73, we find no error in the BIA's decisions. While the petitioners in *Jian Hui Shao* were from Fujian Province, as are most of the petitioners

here, one of the petitioners [2] is from Zhejiang Province. As with the evidence discussed in *Jian Hui Shao* related to Fujian Province, her evidence related to Zhejiang Province was deficient in some instances because it does not discuss forced sterilizations and in the remainder because it references isolated incidents of persecution of individuals who are not similarly situated to the petitioner. *See id.* at 160–61, 170–71. The BIA did not err in declining to credit some of the petitioners' [3] unauthenticated evidence in light of an underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007).

Two of the petitioners [4] argue that the agency applied an incorrect burden of proof by requiring them to establish a certainty of persecution. To the contrary, in those cases, the agency either reasonably relied on their failure to demonstrate changed country conditions or explicitly applied the appropriate *prima facie* standard. *See Jian Hui Shao,* 546 F.3d at 168.

■ Four of the petitioners [5] argue that the BIA erred in discounting notices they submitted, purportedly issued by family planning officials, solely because they were unauthenticated. While the agency may err in rejecting a document solely based on the alien's failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005),

the notices were not material to petitioners' claims because they merely referenced the family planning policy's mandatory sterilization requirement without indicating that such sterilizations are performed by force, *see Jian Hui Shao,* 546 F.3d at 165, 172.

In *Feng Mei Lin v. Holder,* No. 10–29–ag, we decline to either consider the extra-record evidence petitioner submitted or remand for the agency to do so. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007). Because the agency did not err in finding that the petitioners in *JinSai Gao v. Holder,* No. 09–4028–ag, *Neng Quan Wang v. Holder,* No. 10–57–ag, and *Yi Luan Lin v. Holder,* No. 10–1501–ag, failed to demonstrate their *prima facie* eligibility for relief, and because that finding was dispositive of their motions to reopen, we need not consider the additional arguments raised in their briefs. *See Jian Hui Shao,* 546 F.3d at 168.

■ We are without jurisdiction to consider two of the petitions [6] to the extent they challenge the agency's underlying denial of the petitioners' applications for asylum and related relief because petitioners did not timely petition for review of those decisions. *See* 8 U.S.C. § 1252(b)(1); *see also Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001).

For the foregoing reasons, these petitions for review are DENIED. As we

---

**2.** The petitioner in *Xiu Jing Wang v. Holder,* No. 10–475–ag.

**3.** The petitioners in *Ming Zhong Zhang v. Holder,* No. 09–4795–ag; *Feng Mei Lin v. Holder,* No. 10–29–ag; *Xiu Jing Wang v. Holder,* No. 10–475–ag; *Min Xing Lin v. Holder,* No. 10–965–ag; *Xin Lin v. Holder,* No. 10–1911–ag; *Yuan Xiu Li v. Holder,* No. 10–2033–ag; and *Tianxing Zheng v. Holder,* No. 10–2462–ag.

**4.** The petitioners in *Hua Lin v. Holder,* No. 10–1413–ag; and *Li Min Wei v. Holder,* No. 10–2704–ag.

**5.** The petitioners in *Shu Gui Chen v. Holder,* No. 10–968–ag; *Ye Lin v. Holder,* No. 10–1322–ag; *Hui Yong Zhou v. Holder,* No. 10–1407–ag, and *Heng–Lun Chen v. Holder,* No. 10–2633–ag.

**6.** The petitioners in *Shiteng Dong v. Holder,* No. 08–3018–ag; and *Guo Yan Chen v. Holder,* No. 10–2306–ag.

have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).